*Notice: This opinion is subject to formal revisions before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-BG-545

IN RE ELLIS S. FRISON, JR., RESPONDENT.

A Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 478092)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN 538-08)

(Submitted April 3, 2014                                           Decided April 24, 2014)

Before GLICKMAN and THOMPSON, *Associate Judges*, and REID, *Senior Judge*.

PER CURIAM: Respondent Ellis S. Frison, Jr. has been a member of the Bar of the District of Columbia Court of Appeals since August 8, 2002. The Board on Professional Responsibility has found by substantial evidence that respondent violated District of Columbia Rules of Professional Conduct 1.1 (a), 1.1 (b), 1.3 (b)(1), 1.3 (b)(2), 1.4 (a), 1.4 (b), 1.6 (a), 1.6 (e)(5), 1.16 (d), 3.1, 3.2 (a), 3.3 (a)(1), 3.3 (a)(4), 3.4 (b), 3.4 (c), 4.4 (a), 8.1 (a), 8.1 (b), 8.4 (c) and 8.4 (d) in connection with his representation of Ronda Nunnally, and that he also violated Rules 3.1, 3.3

(a)(1), 3.4 (b), 8.1 (a), 8.4 (c) and 8.4 (d) in connection with his representation of Tenedia Davis and her minor daughter.

The Board accepted the Hearing Committee's findings that respondent represented Ms. Nunnally in an employment discrimination suit from September 12, 2005, until she discharged him on November 28, 2008. In connection with that representation, respondent filed several frivolous and inflammatory motions, failed to appear at a deposition of an important witness who was hostile to Ms. Nunnally, neglected to file certain motions which effectively prevented Ms. Nunnally from presenting evidence for her retaliation claims, introduced Ms. Nunnally's confidential medical records into the public record, and sought and received a six month postponement of Ms. Nunnally's trial without her consent.

After Ms. Nunnally discharged respondent on November 28, 2008, he threatened her and refused to release her case file to her. She then filed a complaint against respondent with Bar Counsel and initiated an arbitration claim before the Attorney/Client Arbitration Board ("ACAB") seeking repayment of some of the fees she had paid him. In response, respondent submitted to Bar Counsel and ACAB inconsistent bills that he had never given Ms. Nunnally and that inflated what she owed him according to their initial fee agreement. After

ACAB entered an award to Ms. Nunnally of $11,000 against respondent, he filed a civil suit against her in Superior Court on the basis of the same falsified billing records that ACAB had rejected. Respondent submitted similar falsified billing records to the Bankruptcy Court, where he filed another claim against Ms. Nunnally. Respondent repeatedly submitted Ms. Nunnally's confidential medical records subject to attorney-client privilege into the public records in these and other proceedings.

Respondent also represented Tenedia Davis and her minor daughter in a personal injury action. Because respondent failed to identify any fact witnesses in the joint pretrial statement, he was unable to put any fact witnesses on at trial to establish that the defendant had caused Ms. Davis's daughter's injuries, and the court entered judgment as a matter of law for the defendant. On appeal, respondent submitted a fabricated joint pretrial statement that included fact witnesses, and told this court at oral argument that he had sent the fabricated document to opposing counsel prior to trial.

Having accepted these findings and concluded that they provide substantial evidence that respondent violated the D.C. Rules of Professional Conduct listed above, the Board recommends that respondent be disbarred, and that reinstatement

will be conditioned on proof that respondent has fully paid the $11,000 (ACAB) award in Ms. Nunnally's favor, plus interest at the legal rate beginning to accrue as of August 3, 2009. Neither respondent nor Bar Counsel has taken exception to the Report or the Recommendation.[1]

Pursuant to D.C. Bar Rule XI, § 9 (h)(2), "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing exceptions."

ORDERED that Ellis S. Frison, Jr., is disbarred from the District of Columbia Bar, effective as of the date of this order. For purposes of reinstatement, the period of respondent's disbarment shall run from the date on which he files the affidavit required by D.C. Bar R. XI § 14 (g).

---

[1] If for any reason any payment has been made on this award from the D.C. Bar Clients' Security Fund, reinstatement should be conditioned on respondent's reimbursing the Security Fund for the full amount it has paid.

Further ORDERED that as a condition of reinstatement, respondent must prove that he has fully paid the $11,000 ACAB arbitration award rendered in Ms. Nunnally's favor, plus interest at the legal rate on that amount as of August 3, 2009.

*So ordered.*